IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER CARUSONE,** | : | Civil No. 1:16-cv-1944 |
| **Plaintiff,** | : | |
| v. | : | |
| **KATHLEEN KANE, RENEE MARTIN, DAVID PEIFER, BRADEN COOK, and WILLIAM NEMETZ** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **O R D E R**

The background of this order is as follows: Plaintiff asserts a claim, via an amended complaint (Doc. 17), against, *inter alia*, Defendant Kathleen Kane ("Kane), the former Attorney General for the Commonwealth of Pennsylvania, for violation of Plaintiff's constitutional right to equal protection of the laws pursuant to 42 U.S.C. § 1983.[1] According to the amended complaint, in 2014, Kane publicly released Plaintiff's name in connection with inappropriate emails that were found in Plaintiff's email account while he was employed at the Office of the Attorney General ("OAG") of the Commonwealth of Pennsylvania. The crux of Plaintiff's claim is that hundreds of similarly situated individuals also received or sent the same emails, many of whom, unlike Plaintiff, were considered high-volume senders of inappropriate emails, and yet Kane chose not to publicly release the

---

[1] The amended complaint also includes a claim for deprivation of procedural due process, which this court dismissed on November 9, 2017. (*See* Doc. 37.)

identity of those other individuals. Kane was subsequently charged, tried, and convicted in the Pennsylvania Court of Common Pleas of Montgomery County of perjury, false swearing, abuse of office/official oppression, and obstructing the administration of law or other governmental function based on her corrupt conduct while Attorney General.

Presently before the court is Plaintiff's motion to compel compliance with a subpoena *duces tecum* (Doc. 32) directed to Kevin R. Steele ("Steele"), the District Attorney of Montgomery County, seeking disclosure of criminal investigative information compiled in Kane's criminal case. Steele objects to the subpoena on the grounds that 1) compliance would violate the Pennsylvania Criminal History Record Information Act ("CHRIA"), and 2) even if CHRIA does not apply, the court should deny the motion to compel based on the "executive" or "governmental" privilege. The court will address each argument in turn.

### A. Privilege Created by CHRIA

CHRIA provides, in relevant part, that:

> Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.

18 Pa. C.S. § 9106(c)(4). Plaintiff contends that CHRIA does not create a privilege not to disclose relevant information in relation to claims brought under federal law.

Pursuant to Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). However, "[a]ny material covered by a properly asserted privilege would necessarily be protected from discovery, pursuant to Rule 26(b)(1)." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2001). Federal Rule of Evidence 501 governs evidentiary privileges, and states that they:

> shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501. "In general, federal privileges apply to federal law claims, and state privileges apply to claims arising under state law." *Pearson*, 211 F.3d at 66. Thus, in federal court, "[c]ommon law governs a claim of privilege unless the U.S. Constitution, a federal statute, or a rule prescribed by the Supreme Court provides otherwise." *Benedict v. McMahon*, 315 F.R.D. 447, 452 (E.D. Pa. 2016). District courts within the Third Circuit have consistently "concluded that CHRIA does not compel a federal court to recognize a blanket privilege against the discovery of

3

police reports containing investigative information or complaints against third persons simply because the Pennsylvania legislature may have enacted a privilege, as that does not render the privilege as one fairly characterized as a principle of common law." *Id*. (citing *Griffin–El v. Beard*, Civ. No. 06-cv-2719, 2009 WL 1606891, *15 (E.D. Pa. June 8, 2009); *see also Guerrido–Lopez v. City of Allentown*, Civ. No. 15-cv-1660, 2016 WL 1182158, *2 (E.D. Pa. Mar. 28, 2016) (holding that CHRIA did "not justify denying discovery of evidence relevant to claims brought against municipal defendants under federal civil rights statutes."); *Curtis v. McHenry*, 172 F.R.D. 162, 164 (W.D. Pa. 1997) (compelling production of police reports and finding no privilege for investigative information). Counsel for Steele does not deny that courts within the Third Circuit have rejected any privilege based on CHRIA for federal claims, and instead argues that this court can exercise its discretion not to enforce compliance with the subpoena. The court sees no reason to step out of line with the other district courts in the Third Circuit, and thus will not deny Plaintiff's motion to compel on this basis.

### B. <u>Law Enforcement Investigatory Privilege</u>

Steele next argues that the executive or law enforcement investigatory privilege relieves him of having to comply with the subpoena *duces tecum*. The investigatory privilege is a qualified privilege that prevents disclosure of "certain information whose disclosure would be contrary to the public interest," and

"requires the court to balance the government's interest in ensuring the secrecy of the documents whose discovery is sought against the need of the private litigant to obtain discovery of relevant materials in possession of the government." *Pennsylvania v. Kauffman*, 605 A.2d 1243, 1246 (Pa. Super. Ct. 1992) (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 342-44 (E.D. Pa. 1973)). The factors the court should consider in determining whether the law enforcement investigatory privilege applies are:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser*, 59 F.R.D. at 344 (footnote omitted).[2]

---

[2] As recently stated by the Western District of Pennsylvania, although the Third Circuit has not adopted the *Frankenhauser* factors, the holding in *Frankenhauser* "continues to be influential at the district-court level of this circuit" and it is likely "that the Third Circuit would adopt its

5

Here, Steele identifies only factor number six as weighing in favor of applying the privilege because the criminal case against Kane is currently on appeal. The sixth factor, however, addresses whether the police investigation has been completed, not whether the prosecution resulting from that investigation has reached a final conclusion. The court cannot identify any other factors that weigh in favor of the privilege's application, and at a minimum the non-frivolous nature of Plaintiff's suit weighs against applying the privilege. On the record currently before the court, no factor weighs in favor of the law enforcement investigatory privilege, and thus the court finds that it does not apply.

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel compliance with a subpoena *duces tecum* directed to Kevin R. Steele (Doc. 32) is **GRANTED**, and Mr. Steele shall produce the documents, information, and/or objects demanded by the subpoena to Plaintiff within twenty (20) days of the date of this order under penalty of contempt.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: November 30, 2017

---

balancing test if presented with the question." *Smith v. Rogers*, Civ. No. 15-cv-0264, 2017 WL 2937957, *7 (W.D. Pa. July 10, 2017).