IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER CARUSONE,** | : | Civil No. 1:16-cv-1944 |
| Plaintiff, | : | |
| v. | : | |
| **KATHLEEN KANE, RENEE MARTIN, DAVID PEIFER, BRADEN COOK, and WILLIAM NEMETZ** | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## **O R D E R**

The background of this order is as follows: Plaintiff asserts a claim, via an amended complaint (Doc. 17), against, *inter alia*, Defendant Kathleen Kane ("Kane), the former Attorney General for the Commonwealth of Pennsylvania, for violation of Plaintiff's constitutional right to equal protection of the laws pursuant to 42 U.S.C. § 1983.[1] According to the amended complaint, in 2014, Kane publicly released Plaintiff's name in connection with inappropriate emails that were found in Plaintiff's email account while he was employed at the Office of the Attorney General ("OAG") of the Commonwealth of Pennsylvania. The crux of Plaintiff's claim is that hundreds of similarly situated individuals also received or sent the same emails, many of whom, unlike Plaintiff, were considered high-volume

---

[1] On November 9, 2017, the court granted Defendants' motion to dismiss Plaintiff's procedural due process claim (Count II), but denied the motion as to Plaintiff's equal protection claim (Count I). (Doc. 38.)

senders of inappropriate emails, and yet Kane chose not to publicly release the identity of those other individuals. Kane was subsequently charged, tried, and convicted in the Pennsylvania Court of Common Pleas of Montgomery County of perjury, false swearing, abuse of office/official oppression, and obstructing the administration of law or other governmental function based on her corrupt conduct while Attorney General.

Presently before the court is Plaintiff's motion to compel compliance with a subpoena *duces tecum* (Doc. 46) directed to Pennsylvania Attorney General Josh Shapiro ("Shapiro"), seeking disclosure of various OAG documents. Shapiro objects to the subpoena on the grounds that 1) Plaintiff has failed to follow Middle District Local Rules and this court's policy of addressing discovery disputes informally via a conference call before filing discovery motions, and 2) that the subpoena should be quashed pursuant to Federal Rule of Civil Procedure 45 because it is unduly burdensome on the OAG. (*See* Doc. 50.) As an initial matter, the court recognizes that Plaintiff's submission of a motion to compel without first seeking the court's assistance is a violation of both Local Rule 26.3, requiring a certification that a good faith effort to resolve the discovery dispute was made and an explanation as to why a resolution could not be reached, as well as the court's directive that "counsel not file discovery motions unless conflicts cannot be resolved by telephone conference." *See* Judge's Info, Judge Sylvia H. Rambo,

http://www.pamd.uscourts.gov/content/judge-sylvia-h-rambo. The present motion is Plaintiff's second motion to compel, and the court directs counsel that should any further discovery disputes arise, the failure to abide by the Local Rules and the court's directives shall result in a denial of any subsequent motions to compel. Nonetheless, the court will resolve the present motion on its merits.

### A. Federal Rule of Civil Procedure 45

A nonparty to litigation can request that the court quash a subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3) where the subpoena, *inter alia*, places an undue burden on the recipient. In response to such a request, "the court considers issues such as relevance, the requesting party's need, the breadth of the request, and the burden imposed." *CedarCrestone, Inc. v. Affiliated Comput. Servs. LLC*, 14-mc-0298, 2014 WL 3055355, *2 (M.D. Pa. July 3, 2014) (citing *Grider v. Keystone Health Plan Cent., Inc.*, Civ. No. 05-mc-0040, 2005 WL 2030456, *7 (M.D. Pa. July 28, 2005)). "The party seeking to quash the subpoena bears the heavy burden of demonstrating that the requirements of Rule 45 are satisfied." *Id*. at *3 (citations omitted).

Here, the OAG argues that the subpoena served upon it by Plaintiff is overly broad, seeks information both irrelevant and disproportionate to Plaintiff's lone remaining claim, and should therefore be quashed because it places an undue burden on the OAG. Plaintiff contends that the documents it requests are relevant,

3

appropriately narrowly tailored, and are not overly burdensome to produce. Plaintiff's lone remaining claim is an equal protection claim resting on a "class-of-one" theory, which is based on the public release of Plaintiff's identity in connection with inappropriate emails on September 25, 2014 and October 2, 2014. To prevail on his claim, Plaintiff must show that: 1) Defendants knew that similarly situated individuals sent or received similar emails through the OAG's system; 2) Defendants did not disclose the identities of those similarly situated individuals; and 3) the decision to reveal Plaintiff's identity but not similarly situated individuals was irrational. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff's first hurdle is to find other OAG employees whose identities were not publicly disclosed on September 25, 2014 and October 2, 2014. The court rejects Defendants' attempt to distinguish between Chief Deputy Attorneys General and Deputy Attorneys General I, II, III and IV, and finds that, for purposes of discovery, Plaintiff is similarly situated to all Pennsylvania attorneys general, as well as special agents and OAG executive officers, who sent or received inappropriate emails during the relevant timeframe. The rationality, or lack thereof, in the difference in treatment between other ranking OAG employees and Plaintiff is both relevant and proportionate to his claim.

Although Plaintiff seeks documents from January 15, 2013 to January 16, 2017, the amended complaint provides a smaller time period. As alleged in the amended complaint, Defendant Kane became angry after the Philadelphia Inquirer published an article on March 16, 2014 about her decision to shut down a sting operation into corrupt Pennsylvania politicians. Defendant Kane allegedly blamed then-Chief Deputy Attorney General Frank Fina ("Fina") for the story, and decided to wage "war" against Fina and those closely associated with him. (*See* Doc. 17, ¶¶ 20-22.) This war included threats to release the emails in August 2014, followed by the actual release of emails from Fina and his "friends" on September 25, 2014 and October 2, 2014, as well as Defendant Kane's November 19, 2014 appearance on CNN wherein she discussed the inappropriate emails. (*Id.* at ¶¶ 33, 35, 37, 39, 60.)

On December 1, 2015, Defendant Kane appointed former Maryland Attorney General Douglas Gansler ("Gansler") as a Special Deputy Attorney General to investigate the use of state equipment to exchange inappropriate emails. (*Id.* at ¶ 68.) On August 24, 2016, Gansler's attorney notified Plaintiff and other senders and receivers of inappropriate emails on state computers that their names would be listed in a report on the findings of Gansler's investigation (the "Gansler Report") as either high-volume or low-volume senders. (*Id.* at ¶ 73.) Gansler's investigation and the Gansler Report are very likely to include identifying

5

information as to individuals similarly situated to Plaintiff, and the court therefore finds that information to be relevant to Plaintiff's claim. The court also finds that the relevant timeline as to all document requests is therefore March 1, 2014 – just before the new report that allegedly began Defendant Kane's retaliatory behavior – and August 24, 2016 – the day on which Gansler announced the Gansler Report and its upcoming release.

Accordingly, for the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel compliance with a subpoena *duces tecum* directed to Attorney General Josh Shapiro (Doc. 46) is **GRANTED**. Mr. Shapiro and the OAG shall produce the documents, information, and/or objects demanded by the subpoena, within the date range of March 1, 2014 through August 24, 2016, to Plaintiff within sixty (60) days of the date of this order under penalty of contempt.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: May 8, 2018